Good morning, Mr. Brooks. Good morning, your honors. Benjamin Brooks on behalf of Mrs. Obiora. May it please the court. And may I reserve two minutes for rebuttal at the end of the argument. Thank you. So I wanted to start today by talking about the sentencing argument where there is some degree of agreement between the government and myself. Now, as you know, what happened in this case was that after the jury's verdict, the trial court took the very unusual step of going into chambers with the jury and then polling them each as to what each would recommend as a sentence for the defendant. And so this step was unusual. The government agrees that the procedure as it was employed here was error. The point of contention now is whether or not this met the standard of error under a plain error review. And I also agree that that's the proper mode of analysis here because there wasn't an objection from the defendant at sentencing to the judge's employment of this method. But our argument here is, the government's argument essentially, as I understand it, seems to be that because this was kind of a novel procedure and because this court has never specifically condemned that procedure or ruled on it, sort of as a matter of definition, the error can't be plain because the court's never ruled on it. Our position is, no, that's not accurate. There are fundamental principles at play here that made this error so obvious that the error was plain. So the client is prejudiced because the court takes this recommendation by the jury into account in fashioning his ultimate sentence. And he did because the jury recommended 19.2 years and he was sentenced a lot less than that. Right. Well, the jury makes the recommendation of 19.2 or 19.4 years and it's twice as high as what the judge deems his maximum potential sentence could be under the Constitution and under the guidelines. So the judge gives him the maximum sentence that the judge feels that he can give him. And in this situation where he's taking into account the jury's recommendation, which was twice as high as what the judge could give him, there is an indication that the judge was trying, in that instance, to give meaning to the jury's recommendation by giving the defendant the maximum possible sentence that he possibly could under the restrictions that were applied to the judge because of the weight finding and the other facts that were at play. So in that sense, I do think that this was prejudicial. I understand what the legal error is. You mentioned there's a public trial, right? You mentioned there's a due process interest and you mentioned 3553. I'm just trying to figure out which of those, what is the legal violation? Are you saying it's a constitutional violation because of the right to public trial? It's a critical stage. Are you saying it's a due process violation? Are you saying it's a 3553 violation? Are you saying it's all three? I'm just not following exactly what your argument is. Okay. I think I'm saying that this was a procedural error, right, in the sentencing process and the procedural error is based on constitutional violations, right? That's what I'm having trouble figuring out. If it's a procedural error, you don't need to worry about the constitution. If it's a constitutional violation, then it's just a constitutional violation. No, I get that, but I think that the way that I understood this was when you're dealing with a sentencing, the first question for the court to answer is, was there some kind of procedural error here? And did that procedural error affect the outcome of this sentence? And I would say, yes, it did. And what the nature of that procedural error was that there were, and what makes that procedural error plain, which is what we have to demonstrate here, is that it included within it several constitutional violations, which included the violation of the defendant's right to a fair trial, the violation of the defendant's right to due process because he wasn't present during this critical stage at the proceeding. And what's the case law with respect to his right to be present for this? I take it he has a right to be present at sentencing. Right. That's clear. No one disputes that. So is the idea here, this is part of sentencing and he didn't have a right to be present, so there's just per se it's over? So, you know, the argument here is essentially, you know, corollary to the argument in Waller and Presley and the other public right trials where this is a critical stage of the criminal proceeding because it is a stage at which the judge is gathering important information that the judge is then going to use to determine the ultimate sentence that the defendant is going to be subjected to. The defendant's exclusion from that process is a violation of his constitutional due process right to... Well, just so I get, in the case you cite about the probation officer, who can get information from the probation? Oh, right, right. In the reply brief, the Rondon Garcia case? Yes. Do, have we ever suggested that if information is given from a probation officer to the judge it has to be done in open court with the defendant present when it's given? As opposed to just being made, the information being made available to the defendant so that they can then challenge it? Right. But I, no, but I think what happened... See, that's what I'm just trying to figure out. Here, are you saying that the problem is the defendant wasn't present when the polling occurred or is the problem that there's not a sufficient record so he could challenge the information that was gleaned from that I just am trying to understand what the... Right. What is the violation? Right. Well, I think the main violation is he's not present, right? And it... So what's the authority that he has to be present for that when, in a circumstance in which the judge is just acquiring information to be used at sentencing? My point there would be that this is an instance where it is a critical stage in the trial and the defendant has the right to be present for that under Waller and Presley and all the other cases that address a defendant's right to be present during any critical stage of the proceeding. You know, it might have been that had there been a record of exactly what had been said to the jury in the circumstances here, then you could make an argument that this didn't prejudice the defendant because the jury was instructed about what the proper considerations were, because the jury was given information about the defendant that would be relevant to the sentencing, which is, you know, supposed to be aimed at the individual and not aimed at just sort of kind of an abstract notion of what the... What does the record show the defendant was told about what did happen with respect to the polling? I'm sorry, can you say that again? What does the record show the defendant was told about what did happen with respect to the polling? At the time of the sentence being issued, does the defendant knows that polling has occurred? So the way that I understood the procedure here was that at the very beginning of the trial, the judge makes this comment and he says, I read this law review article, I think it's a great idea, I'm going to do it in this case. And then, you know, there's the trial, there's no more mention of it, and then sentencing comes up a few months later. And at the beginning of the sentencing hearing, the judge says, by the way, I engaged in this procedure, I took a poll from the jury, I got their median average recommended sentence, and I, you know, this is what it is. And there is a suggestion, first of all, that he does say that he's taking it into account, because in his description of how the Sixth Circuit, or the judge who had been reviewed by the Sixth Circuit, had done it, he said, he announces an average, and this is on page 62 of the record appendix, he announces, volume one, he announces an average and he takes that into account. That procedure has been expressly confirmed, and I've used it, I've resolved to do that in this case. So he does indicate, yes, I took it and I took it into account. So just to make that clear. What do you do about, I mean, we have, what he says he did, he just, I resolved to follow that procedure and I followed it in this case, period, referring to Judge Quinn's procedure. But what do you do about the fact that, as I understand what you just said, your client and his counsel knew before the judge did it, that he was planning to do it. They were told. And so, don't we start to move from forfeiture to waiver on that, because then you get a little bit, a feeling of, well, let the judge do it, we've looked at the literature, probably it will help us, but if it doesn't, we then complain after the fact. Yeah, no, I would say no, first of all, because the comment that the judge makes is at the very beginning of the trial, right, and the trial counsel at that point is likely focusing on what his defense is going to be, right, and he's about to start a jury trial, right, then the sentencing doesn't take place for months afterwards, right, and then the judge announces at the beginning of the sentencing hearing, by the way, I did this, right, and here's what it is. Now, at that point, I concede the defendant should have objected, but I think you can review that for plain error without saying there's any waiver here. There's no express invitation for the defendant to object to it at that point. And I think this is very similar to what occurs in the Rondon Garcia case, because that case also did not involve an objection, and to your question, Judge Barron, earlier about, you know, whether the defendant has to be present for the gathering of the information or not, the defendant in Rondon Garcia was not present for the gathering of the information, that wasn't so much what was at issue there, it was that this evidence was presented to the defendant at sentencing and then he didn't have an opportunity to respond to it. Because that's different than saying it's a critical stage that he has to be present at, and I'm trying to figure out what's the difference between those two things. Why does he not have to be present when the probation officer tells the judge something, and the problem only inheres in the fact that he didn't get sufficient notice of the information, whereas here you're saying he has to be present, and even though he did get notice of the information, unless you're saying he didn't get notice of the information because he didn't get enough information about what the polling was. Right. I mean, what I'm saying is that the error might have been cured by more information, but we just don't know what was in there. And so the root of the problem here is different than what was at issue in Rondon Garcia, because my argument here is he should have been present, and this wasn't just a... Should he have been present at Rondon Garcia? What's that? Would the same argument apply to Rondon Garcia, that he should have been present then? Well, it's just a fundamentally different kind of information that they're gathering, because this information is coming from a jury in the context of this sort of immediate hearing post-trial, right? The information that was at issue in Rondon Garcia is information that's gathered by a probation officer that, if it had been disclosed in time, the defendant would have had an opportunity to go interview those witnesses and vet that information in the sort of typical investigative way. There is no real way to do that in the context of what occurred here, where the judge is taking a poll from the jury and then using that information to formulate a sentence, unless the defendant is there present at the hearing when the jury poll is taking place and is there to ensure that the jury gets a proper instruction, that the jury gets proper information about what information ought to be considered. So you're suggesting the defendant could have questioned the jurors afterwards, during the polling, or not? Well, I'm suggesting that if this procedure is going to be proper, it's going to have to allow the jury to be given information about what ought to be considered in a sentence and not just give this sort of abstract statement about what they think is appropriate. And I guess the real problem here is that we just don't know whether or not the jury considered improper factors, right? Maybe they made their decision based on... Is the judge allowed to consult anybody other than himself on what sentence he would impose? Is the judge allowed to consider anybody other than himself? Yes, the judge can consult, but in this situation... Well, I have to admit I didn't think of that. Well, you should think about that, because it happens. Right, right. And I'm sure that it does, but I think there's a real risk here when you're asking the jury to make this recommendation.  The jury is making its recommendation on incomplete information and potentially improper information, right? See, that's just a different point, that his presence isn't relevant to that. That's what I'm trying to push you on. There's a variety of different possible problems with this procedure. One of them is that he wasn't present for it. If that's not a problem, because finding it's a problem and it's clearly a problem raises a whole host of issues about what else does the defendant have to be present at. Is there a problem nonetheless? And I'm trying to get you to explain it to me. Yes, there is. So what is that then? Well, that's what I was sort of getting to at the very beginning, which is that we don't know what information the jury did take into account in making this recommendation, and there's a real risk that there's some sort of bias that creeps in to the recommendation that they're making. Maybe they're making the recommendation because they didn't like the color of his skin. Maybe they're making the recommendation because they knew that he was from Nigeria and they didn't like the fact that he came here and committed a crime. Maybe they're making the recommendation because they didn't like the particular manner in which this case was presented to them as a trial. And those are all factors that a judge is trained to sort of weed out and say, okay, I know I'm not going to make my decision based on that, but a jury's not. And so when the jury is allowed to make- But I guess your point is it wasn't given, we don't know that there was any instruction like that. We don't know what the instruction was. And then it skews in favor of whatever that recommendation is, even if the judge says, well, I'm not going to take those improper factors into account. He doesn't actually know what factors the jury took into account, so it's going to skew his ultimate decision based on, you know, just all these potentially improper factors. So I think I'm beyond my time, so I will- You have some time reserved, I think. Did you? I did. I reserved two minutes, yes. All right. You still have time. All right. Thank you. Mr. Crum, good morning. Good morning. May it please the Court, Randall Crum on behalf of the government. I think the difficulty that the Court is having and the defense counsel is having in characterizing the nature of the problem is why the alleged error here can't be clear or obvious. And that's essentially what we're arguing, is that we don't condone this practice. We think that it does raise concerns, not least about the reliability of the information. Do you think it was an error? We think it was an error. And why was it an error? What we- or maybe to go as far as to say it's always an error, but under the circumstances here we can't say that it wasn't. And the reason is- Does that mean you think it was an error? I'll say that I think we agree that it was an error. So why was it an error? Well, the primary reason we concede that it was an error is because it's- on this record, it's impossible to say that this is reliable information to help the judge. And the reason is- Isn't that clear? Well, not necessarily. I mean, again- Well, how is it- well, it seems pretty clear that on this record, we couldn't say it's reliable. Well, the issue there is that the record has to show the opposite. In this- you know, what we point out is this practice has been condoned by at least one circuit court of appeals. A court of appeals has held that in polling the jury and taking the number- Ex parte. Excuse me? Did they approve it being done ex parte?       I don't recall. I don't recall. I don't recall. I don't recall. I don't recall. I don't recall. And that's what we have here. Right. I mean, one of the concerns is that- We don't know what was said to the jurors by the judge. There's no transcript for us to refer to. We don't know how- whether they were asked to all write down their views independently or rather one was asked first and then the other. We have no idea how this was done. That's true. But under the plain error standard, the burden of establishing that record is on the defendant. But the defendant- Did the government know beforehand that this was taking place? Well, as has been pointed out, yes. At the outset of the trial, it was noted- And when did the government come to the conclusion that this was an error? Excuse me? Was the government aware that this was taking place before the judge carried out this procedure? Well, it was announced at the beginning of the trial that the judge had undertaken this procedure in the past and was considering doing it in this case. Did the government object to it? The government didn't object at that time. And of course, at that time, it was just that he was intending to and so whether or not the judge would in fact do so was not known. But certainly, the suggestion was made and neither party objected. I'm sorry. No, that's fine. But isn't- there's no lack of clarity about the record here, is there? Sorry. Your Honor, my question is really who has the burden of building the record? Yeah. But they built the record of saying that the record is we have absolutely no idea what happened. Right. But they have to show- So when they say that because we have absolutely no idea what happened, how could we have any confidence that this was reliable evidence? To be sure. I understand that argument. Well, what's wrong with that argument? Well, I mean, I guess the point is that we have to- on the plain error standard, where the defendant has the burden of building the record, they have to show that if the record were built, it would show an error. You said it wasn't there. Well, I show- I agree that this- we agree that this procedure- we do not agree with this procedure. But I'm saying the reason you say it's error is because we can have no confidence it's reliable. Yes. And that's because we have no idea what happened. They built that record. There's no question that's the record. Yes. So in that circumstance, what's not clear about the problem? Well, again, the- well, again, I disagree that the record- that it's our burden to establish that on this record. Again, they have to show that they're- you- I understand Your Honor's point. Let me- let me understand exactly what the argument would be that there's any- creates any ambiguity, that it's a good idea, in fact, it's permissible for U.S. District Court judges to go ex parte, chat with the jury about what the verdict should be off the record with no record made, and simply come back and announce it. I don't see where there's a lack of clarity there as to whether that's something that should be done. Right. What we're arguing, I think, is a different level of generality. We're not agreeing with this procedure that should be followed. And we made clear in our brief that we're not condoning this procedure. It's really a narrow argument on the question of what is clear and obvious with respect to a procedure that this Court has not addressed and the Supreme Court has not addressed. And as we point out, once- I thought we hadn't addressed Ouija boards either. Well, seriously, this is something entirely unprecedented. It's done entirely off the record. I'm having trouble thinking of any other instance where a trial judge can be in contact with the jury on a major issue in the case, ex parte, without anybody there and no record kept of it. Well, again, the problem is that we're getting into issues that are exactly why we, you know, you say that on a major issue in the case. One of our arguments is it's not clear that this played any major role in the case or that it was prejudicial at all. Well, let's stay with that for a second. The Supreme Court has told us that if a judge makes an error in calculating an advisory guideline, there's presumptive prejudice, right? Well, here, if the judge thought it was important enough to talk to the jury that he would do this ex parte off the record with no court in this circuit ever having done it before and follow a procedure that wasn't even like was in the Sixth Circuit, it seems a fair presumption that that information the jury gave him might have had some anchoring effect, like a guideline calculation could, hence, we could presume prejudice. Well, I do think there's a big distinction. The role of the guidelines is well established in this Court's Supreme Court precedent that it serves as sort of a starting point and a lodestone. And so there, and I think the cases that say that you presume prejudice are based on the fact that it's expected that courts will take it seriously. In fact, they have to explain when they don't follow it and why they're not following it. This is not that. I mean, there's no suggestion in the Court's statements that it gave it anything like that. Why would he ask them if he wasn't going to give some weight to it? Well, clearly, this judge considers a lot of different sources of information, as was noted in the brief. But he recited statistics that he'd taken from his own sessions with similar crimes from the district as a whole and then from the nation as a whole, and he recited those averages and stated them. Right, and he gave weight to those. In fact, he's told to give weight to those, to what were sentencing disparities. Well, not necessarily, because some of those do not go into the disparity calculation. There are calculations that, because the primary focus of disparity is nationwide disparity. But the Court does collect a lot of information. And Your Honor, it's noted that judges talk to each other. The judges also talk to the probation officer prior to sentencing, before the parties are there, about what is in the PSR. It just seems that doesn't the jury in our whole criminal trial system, doesn't the jury play this really unique role of being the voice of the public here? And it's a significant enough role, the way we treat juries and regard juries, that it doesn't seem to be much of a leap to say that a judge who's worked with a jury in a case and goes to the trouble of asking them this is probably going to give some weight to it, at least of an anchoring type. But again, that is an assumption that one might make, the fact that the judge is reciting any statistics as he's taking them into account. But the question of showing that there's been prejudice usually requires something more like a clear showing that it did or likely did affect the verdict, which is more than my hand. Did you say just recently that you thought that the government believed that this was an error? Yes. And I believe that your opponent also believes that this is an error. Yes. What are we supposed to do when both sides are in agreement that this is an error? Well, again, the government made clear in its brief. Our argument is simply that there's a standard for clear and obvious error and a standard for prejudice that have to be met before an unacknowledged error should result in reversal of a sentence. And that's the argument. Your Honor, this case also presents a possibility of a waiver argument, which we didn't make in our brief, but is fair given that it was noticed before it happened as well and there was no objection. But the argument is simply that the mere fact that the parties may agree that something is not the way that it should be done does not make it a clear or obvious error under the law. But when you said there was, you identified the error as being it was not reliable evidence. Again, our concern with it is in multiple parts, but that is one concern, is reliability. Is that a due process problem? Is that your idea? Well, the problem is it was cited by defense counsel. I don't see it as a constitutional level, but more that under the guidelines that district court is supposed to consider reliable information. And the problem, as pointed out by defense counsel, I think, Abley, is that in this case the jury doesn't have a lot of information. There's a lot of information they don't see. Some of it is favorable to defend it. Some of it is not favorable to defend it. Evidence that's kept out or evidence about personal history that might be mitigating. So our primary concern is this kind of information. Because the jury doesn't know things, it's unclear how helpful they can be in making an assessment. Are you saying it's not a due process problem? The reason I'm asking is my understanding of the Sixth Circuit is that it was similarly ex parte. And if that's right, I mean, I take the point that that ground of distinction wouldn't be available. But if I understand it, in the Sixth Circuit it was the government taking the appeal because the sentence went down. Well, if it was unreliable evidence in a due process sense, then the Sixth Circuit wouldn't tell us very much about whether you can rely on unreliable evidence to jack a sentence up. Because the defendant bears the burden of that cost, and he's the one who's protected by the due process clause, not the government. So I guess I'm just wondering, when you say it's unreliable evidence, how could that not be a due process problem for a judge to rely on unreliable evidence? Your Honor, I mean, again, the problem, I think, is that there's a question in between there, which is did the court rely on it, and what role did that play? I understand that. But then that's not, if you did rely on it, there's no problem, I take it. If you did rely on it, and it was unreliable, wouldn't that be a due process problem? Well, I'm not sure that it would, but I guess I don't, that was not the way the question was necessarily raised in this case. My concern, what I'm raising is the reliability within the meaning of the guidelines with a judge may consider any reliable evidence this court's sentencing precedence, rather than as a due process question. I mean, due process usually has to rise to a higher level than the mere fact that a judge had a straight conversation that may not have been particularly helpful is not a due process question. But suppose you had a non-straight conversation that was super helpful. Again, I would say, again, coming back to it, I think it would depend on the record, it would depend on the role that it played. I think that, again, the question about a due process violation goes to magnitude and not merely the fact of reliability or unreliability. And in this case, we're talking about something that, you know, there's a very real question about whether it played any role, and certainly we do continue to believe that the defendant bore the burden of trying to build a record if there was a concern about the role that it played to ask whether this particular factor was of particular significance to the court in its decision. There's no objection at any point. And nothing, I would further say, that nothing in the court's statements that suggested it played a particular role. It was, the court did not refer back to it in imposing the sentence, and for all those reasons under the standard analysis for deciding whether something's been prejudicial, we think it was not. I just want to close the loop on one point, which is with respect to the structural error in presence and that kind of question. I think that that comes back to the same issue again. These are all undecided issues. Is this a critical stage? Is this part of sentencing? Should it be considered part of sentencing such that presence or public trial would apply are all unsettled issues as well. And then we come back to the question, in the absence of on-point law suggesting that those are implicated, then we can't make a decision in this case. We don't have the record to make the decision in this case under plenary review. Are there any questions with respect to any of the other issues in the appeal? If not, the government would rely on its brief. Thank you. Thank you. Thank you. I guess just two quick points about whether it affected the judge's sentence. We already discussed that. And I did mention that there's a disparity here between what his co-defendants got and what he got. And of course, some of that is a function of the fact that they pled guilty and they had different guideline ranges as a result of their guilty pleas. But the evidence does show, I think, that he was sentenced to the maximum possible that he could be. Most of his co-defendants were sentenced at sort of ranges that were at the bottom end. And Mr. Oviera was the only person in this entire conspiracy that had no criminal history. So I think that does suggest that the judge wanted to give effect to the jury's recommendation. And this was the only manner in which he could do it. And he does say that he followed this procedure. He does say that the judge and the Sixth Circuit took this into account and that he would do the same thing. Could you address the... It seems the government's principle point is that although this was error, it was not clear error. And to put a point on that argument, as I understand it, they're saying, well, the Sixth Circuit is the only case right on point. If we read the statement in the Sixth Circuit that the judge revealed after the verdict that he posed the jury, then we could assume that that was ex parte as well. So how do we reach a conclusion that something was clear error if the only case, Circuit Court case, directly on point says that it wasn't? Right. Well, I think you say the principles that are at play here are so clear. And I think, you know, in fact, the government answered that question better than I did. And many of your questions to the government's attorney have made that point in a way better than I have. But, you know, you have the classic distinction between the roles of the judge and the jury is obviously being violated here when the jury is being asked to give a recommendation. You have the fact that the defendant was excluded from the process. And you have the fact that the jury was not given any information about the individual defendant, which everybody knows is supposed to be what a sentence is aimed at. You sentence the individual based on a variety of factors that relate to that individual, not just, you know, some abstract notion of what the crime could be. And so for that reason, those principles are so clear that this error should have been obvious. The other point is that, you know, it's never taken place before, which is some kind of indication that there might be some problem with it. And then I would go back to the Rondon Garcia case, because that was sort of similar in the respect that, you know, the court hadn't come down and condemned the use of an ex parte communication with a judge that's been disclosed at sentencing before. And there was some indication that, you know, judges always consider information that's beyond what the record was at trial. And the judges can rely on a variety of different things at sentencing in that case. And there's established law that says that. But the court said, but the principle of, you know, notice to the defendant here made this an obvious and plain error, right? And even though the court has never specifically come down and said we condone that particular behavior, the exact same thing is true here. I think you have a case where it's obvious that conducting an ex parte or in-camera jury poll for an important piece of information without the defendant's participation, without any instruction, so you don't know what the basis of that recommendation is, and as it's been termed as unreliable information, that kind of error is so obvious that... Your time is up. Okay. Thank you. Appreciate it.